108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Juliette FICKLING, Lisa Goodwine, Patricia Fowler, Shirley
Kenyon, Dhyalma Vasquez, Lena Coleman-Minor, v.
New York State Department of Civil Service.
v.
NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Defendant-Appellee,
County of Westchester, Defendant-Appellant.
 No. 96-7733.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 FOR PLAINTIFFS-APPELLEES: STEPHEN BERGSTEIN, Goshen, N.Y. (Sussman, Bergstein, Wotorson and Whateley, Michael H. Sussman, of counsel).
 FOR DEFENDANT-APPELLEE: CHARLES F. SANDERS, Assistant Attorney General, New York, N.Y. (Dennis C. Vacco, Attorney General of the State of New York, Thomas D. Hughes, Assistant Solicitor General, of counsel).
 FOR DEFENDANT-APPELLANT: MARILYN J. SLAATTEN, Westchester County Attorney, White Plains, N.Y. (Stacy Dolgin-Kmetz, Deputy County Attorney, Annette Hasapidis-Marshall, Linda Trentacoste, Assistant County Attorneys, of counsel).
 Present JACOBS, LEVAL and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Defendant-appellant, the County of Westchester (the "County"), appeals from a July 12, 1996 amended judgment of the United States District Court for the Southern District of New York (Parker, J.). The district court found, following a bench trial, that the County and defendant-appellee, the New York State Department of Civil Service, were jointly and severally liable for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and New York Executive Law, § 296. The County appeals from so much of the judgment as held the County and the State Civil Service jointly and severally liable, and reinstated plaintiff Juliette Fickling.
 
 
 4
 The County argues for the first time on appeal that the district court erred in declining to apportion liability between the County and the State. The County concedes that it did not seek an allocation of liability in the district court, but only asserted a claim for indemnification against the State. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). We may disregard this rule only "(1) where consideration of the issue is necessary to avoid manifest injustice or (2) where the issue is purely legal and there is no need for additional fact-finding." Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 302 (2d Cir.1996). Neither exception is appropriate here. We see no manifest injustice in precluding the County from raising an entirely new theory of liability for the first time on appeal, especially in light of the County's abundant opportunities to have raised this issue in the district court. Moreover, any determination concerning the amount of contribution or apportionment between the County and the State would require further findings of fact. Specifically, the record is devoid of specific evidence establishing the relative degrees of fault, which is not surprising because the indemnification theory invoked in the district court did not require such proof. Accordingly, we will not consider the County's new claim of apportionment because that claim was not raised below.
 
 
 5
 Appellants also contend that the district court erred in declining to conduct a new trial concerning the propriety of reinstating plaintiff Fickling. This issue is moot because plaintiff Fickling now represents that she will not return to work for the County. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992).
 
 
 6
 We have considered all of appellant's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.